UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CIRO LUNA,                                          :
                Plaintiff,           :
                                     :   **COMPLAINT AND**
       -against-                 :   **JURY DEMAND**
                                     :
CAMILLE PRODUCTIONS, LLC d/b/a    :   08 cv 3844
VERLAINE,                                           :
                Defendant.          :   (STEIN, J)
---------------------------------------------------------------X

## NATURE OF THE ACTION

1. Plaintiff alleges that he is : (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains that he is entitled to back wages from Defendant for overtime work for which he did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Ciro Luna was, at all relevant times, an adult individual, residing in the Brooklyn, New York.

7. Upon information and belief, Defendant Camille Productions, LLC d/b/a Verlain ("Verlaine) is a Restaurant located at 110 Rivington St, New York, NY 10002, County of New York.

## STATEMENT OF FACTS

8. At all relevant times, Defendant maintained and operated a restaurant in New York City.

9. Starting in or about January 2001, Plaintiff was employed as a dishwasher by the Defendant. Beginning in early 2002 Plaintiff began assisting kitchen workers. For the remainder of Plaintiff's employment, until approximately August 2007, Plaintiff served as a cook and dishwasher, among other duties.

10. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

11. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate.

12. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

13.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 as if they were set forth again herein.

14.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

16.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

17.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

18.     At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek.

19.     As a result of the Defendant's willful failure to compensate Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

20.     As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other

conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

21. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

22. Due to the Defendant's FLSA violations, Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

23. Plaintiff realleges and incorporate by reference paragraphs 1 through 21 as if they were set forth again herein.

24. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

25. Defendant willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

26. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, respectfully requests that this Court grant the following relief:

a. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

b. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

c. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d. An award of prejudgment and postjudgment interest;

e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 23, 2008

By: _____
    Justin A. Zeller (JZ 7094)

The Law Office of Justin A. Zeller, P.C
251 West 14th Street, 5th Floor
New York, NY 10011

**ATTORNEY FOR PLAINTIFF**